IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SERGIO HERRERA-DUARTE, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:23-CV-075-Z-BR |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY RELIEF**

Petitioner, Sergio Herrera-Duarte, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. Having considered the motion, the response, the record, and applicable authorities, the undersigned concludes that relief should be DENIED.

**BACKGROUND**

The record in the underlying criminal case, No. 2:20-CR-014-Z, reflects the following:

On February 27, 2020, Petitioner was named in a nineteen count indictment, charging him in count one with conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine and heroin, in violation of 21 U.S.C. § 846, in count three with possession with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), in count four with conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h), and, in count six with money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i). (CR ECF 3). On March 4, 2021, Petitioner was named in a one-count superseding information, charging him with being an alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5)

and 924(a)(2). (CR ECF 478).

Petitioner and his counsel signed a written plea agreement. (CR ECF 463). They also signed a factual resume setting forth the elements of the offense charged in the superseding information and the stipulated facts establishing that Petitioner had committed that offense. (CR ECF 464). In particular, Petitioner admitted that: he possessed a firearm; he was an illegal alien at the time; he knew his immigration status; and, the firearm had moved in interstate commerce. (*Id.* at 2–4).

The probation officer prepared the presentence report ("PSR"), which reflected that Petitioner's base offense level was 36. (CR ECF 529, ¶ 40. He received a two-level and a one-level reduction for acceptance of responsibility. (*Id.* ¶¶ 47, 48). Based on a total offense level of 33 and a criminal history category of III, Petitioner's advisory guideline range was 168 to 210 months. (*Id.* ¶ 97). The statutorily-authorized maximum sentence was ten years; accordingly, the guideline term of imprisonment became 120 months. (*Id.*). Petitioner filed objections, (CR ECF 545), and the probation officer prepared an addendum to the PSR. (CR ECF 546).

The Court sentenced Petitioner to a term of imprisonment of 120 months and ordered that the counts of the indictment against him be dismissed. (CR ECF 570). Petitioner filed a notice of appeal. (CR ECF 574). His counsel filed a motion pursuant to *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit granted counsel's motion to withdraw and dismissed the appeal, agreeing that there was no non-frivolous issue to be presented. *United States v. Herrera-Duarte*, No. 21-10764, 2022 WL 336830 (5th Cir. Feb. 4, 2022).

## **GROUNDS OF THE MOTION**

Petitioner sets forth four grounds in support of his motion. He alleges that he received ineffective assistance of counsel because his attorney failed (1) to object "as to lack of factual basis

2

of plea," (2) to file a motion to suppress evidence, (3) "to object to incorrect Guideline cross-reference," and (4) "to argue merger of sentences for offenses." (ECF 2 at 4–8). As "supporting facts" under each ground Petitioner says "See Memorandum of Law for more details." (*Id.*). No memorandum was filed.

## STANDARDS OF REVIEW

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

The entry of a guilty plea waives all nonjurisdictional defects in the proceedings, including all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Here, Petitioner does not assert that his guilty plea was not knowing and voluntary; thus, to the extent Petitioner contends that he would

not have entered a guilty plea but for the ineffective assistance of counsel, the grounds of his motion are waived. It does not appear that he could prevail in any event. His plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

Petitioner's grounds are vague and conclusory and fail to raise a constitutional issue. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (although pleadings of *pro se* litigants are liberally construed, they must still provide sufficient facts in support of their claims). In particular, conclusory allegations of ineffective assistance of counsel do not raise any constitutional issue in a federal habeas proceeding. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). The petitioner must plead and prove the particular professional failure. *Knighton v. Maggio*, 740 F.2d 1344, 1349 (5th Cir. 1984). Here, Petitioner simply makes four allegations, but does not provide enough detail for the Court to understand his complaints about counsel's conduct.

In his first ground, Petitioner alleges that his counsel should have objected to the lack of a factual basis for his plea. (ECF 2 at 4). However, Petitioner admitted under oath all of the facts necessary to establish his guilt. Petitioner's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his plea agreement and factual resume are entitled to that presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985).

In his second ground, Petitioner alleges that his attorney should have filed a motion to suppress, but he does not specify what evidence should have been suppressed or why. (ECF 2 at 5). As the government notes, the record reflects that valid consent was given for the search of the apartment where the drugs and weapon were found, if that is the complaint. (ECF 5 at 7).

In his third ground, Petitioner faults his counsel for failing to object to an incorrect

5

Guideline cross-reference. (ECF 2 at 7). Again, as the government notes, the record establishes that any objection in this regard would have been meritless in that the firearm that Petitioner admitted to possessing was found in close proximity to the methamphetamine. (ECF 5 at 8).

Finally, in his fourth ground, Petitioner alleges that counsel was ineffective in failing "to argue merger of sentences for offenses." (ECF 2 at 8). However, counsel did file an objection to the PSR's finding that his illegal reentry case was unrelated to his firearm offense and argued that the sentences should be concurrent. (CR ECF 545). In the addendum to the PSR, the probation officer explained why the offenses were separate and not related offenses. (CR ECF 546 at 2–3). Petitioner persisted in the objection. (CR ECF 560). At sentencing, the Court noted that the matter had been well-briefed and the fact that the objection was overruled did not mean that Petitioner received ineffective assistance. (CR ECF 586 at 16).

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, Sergio Herrera-Duarte, be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on September 18, 2023.

*/s/ Lee Ann Reno*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).