IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SERGIO HERRERA-DUARTE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 2:23-CV-075-Z-BR |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the findings, conclusions, and recommendation of the United States Magistrate Judge to dismiss the 28 U.S.C. § 2255 Motion to Vacate filed by Petitioner ("FCR"). ECF No. 6. Objections to the FCR have been filed.[1] ECF No. 9. After making an independent review of the pleadings, files, records, and objections in this case, the Court concludes that the FCR of the Magistrate Judge are correct. It is therefore **ORDERED** that the findings, conclusions, and recommendation of the Magistrate Judge are **ADOPTED** and the case is **DISMISSED**.

Additionally, the Court **DENIES** a certificate of appealability ("COA").[2] A district court may deny a COA *sua sponte* and without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), and **ADOPTING** and **INCORPORATING** the Magistrate

---

[1] The Magistrate Judge granted Petitioner's motion for extension of time to file objections, requiring objections be filed by November 10, 2023. *See* ECF Nos. 7, 8. Petitioner filed his objections on October 13, 2023.

[2] Because the Motion to Vacate is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a COA is a "jurisdictional prerequisite" before an appeal may proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting §§ 2254 and 2255 actions require a COA).

Judge's FCR, the Court finds that Plaintiff has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this Court] was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

October 24, 2023

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE